Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel.   (212) 867-8165
fax.  (212) 867-8139

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DRAGONFLY CAPITAL PARTNERS, LLC, : Case No.:
           :
       Plaintiff, : **COMPLAINT**
           :
    - against - :
           :
JOE SCHNAIER, a/k/a JOSEPH SCHNAIER, :
           :
       Defendant. :
           :
-------------------------------------------------------------x

   Dragonfly Capital Partners, LLC, plaintiff herein, by its attorneys, Starr & Starr, PLLC,

as and for its complaint against Joe Schnaier, a/k/a Joseph Schnaier, alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

   1.  The District Court has diversity jurisdiction over this action under 28 USC §

1332(a)(2) because the amount in controversy exceeds $75,000 and the claim is between a

citizen of this state and a citizen of a foreign state.

   2.  Venue in this district is based on 28 U.S.C. §1391(b)(1) because defendant is a

resident of the State of New York.

## THE PARTIES

3.      Plaintiff, Dragonfly Capital Partners, LLC ("Plaintiff") is a North Carolina limited liability company headquartered in Charlotte, North Carolina, which is a wholly owned subsidiary of Dragonfly Capital Management, LLC, a North Carolina limited liability company.

4.      Upon information and belief, JOE SCHNAIER, A/K/A JOSEPH SCHNAIER ("Defendant") is a citizen of New York on the basis that he is domiciled and resides in the State of New York.

5.      Upon information and belief, Defendant maintains an office for the conduct of business at 1 Pennsylvania Plaza, 50th Floor, New York, New York  10119.

6.      Plaintiff is an investment banking firm providing advice and assistance to its clients in matters of corporate finance, mergers and acquisitions transactions, private capital placements, and other financial transactions.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

7.      Plaintiff realleges and incorporates here in full the allegations stated in paragraphs 1 through 6.

8.      On or about November 11, 2013 Defendant entered into an agreement (the "Agreement") with Plaintiff whereby Plaintiff agreed to provide advisory services to Defendant in connection with a transaction involving acquisition of all or a portion of the assets and/or stock of an entity known as Wantickets, LLC (the "Company").

9.      The Agreement provides for Defendant to pay Plaintiff a monthly retainer for twelve months at $10,000 per month (the "Monthly Retainer Fee") for advisory services pre-and

post-closing in respect of a transaction involving acquisition of all or a portion of the assets and/or stock of the Company (such transaction hereafter, the "Company Transaction").

10.     Plaintiff provided extensive services to Defendant pursuant to the Agreement on both a pre-closing and post-closing basis in respect the Company Transaction and matters related thereto.

11.     The Agreement further provides for Defendant to provide Plaintiff ten percent (10%) of the outstanding shares of the Company on a post-closing basis (the "Advisory Services Fee") based upon closing of a Company Transaction, of which four percent (4%) would be earned immediately upon signing of the Agreement (the "Immediate Advisory Services Fee"), and six percent (6%) would be deferred and earned upon the Company closing upon a certain financing as further described in the Agreement (the "Deferred Advisory Services Fee").  A financing as described in the Agreement triggering Plaintiff's right to the Deferred Advisory Services Fee occurred.

12.     The Agreement further provides that in the event Company completed an equity financing with a "Dragonfly-Identified Party", as such term is defined in the Agreement, Defendant to provide Plaintiff with a cash fee equal to eight  percent (8%) of the total financing facility payable out of proceeds at closing (the "Equity Finance Fee").

13.     An equity financing with a Dragonfly-Identified Party occurred thereby triggering Plaintiff's entitlement to the Equity Finance Fee.

14.     Upon information and belief, on or about May 22, 2014, closing of the Company Transaction occurred.

15.     Upon information and belief the purchase price of the Company in the Company Transaction was $13,000,000 (the "Purchase Price").

16.    Defendant has failed to pay the Monthly Retainer Fee in the aggregate amount of $120,000.

17.    Defendant has failed to provide the shares to Plaintiff contemplated for the Advisory Services Fee, both in respect of the Immediate Advisory Services Fee and Deferred Advisory Fee.  Based on the Purchase Price the value of shares at closing which should have been tendered by Defendant to Plaintiff in respect of the Advisory Services Fee was $1,300,000.

18.    Defendant has failed to pay the Equity Finance Fee to Plaintiff in the amount of eight percent (8%) of the Purchase Price constituting the sum of $1,040,000.

19.    By virtue of the foregoing Defendant has breached its contract with Plaintiff in the aggregate amount of $2,460,000, consisting of (a) the Monthly Retainer Fee in the aggregate amount of $120,000, (b) the Advisory Services Fee in the amount of $1,300,000, and (c) the Equity Finance Fee in the amount of $1,040,000.

20.    As a direct result of Defendant's breach of contract, Plaintiff has incurred damages in the outstanding amount of $2,460,000, plus interest at the maximum legal rate from time of breach, legal fees and disbursements and costs of suit.

## SECOND CAUSE OF ACTION
### (Account Stated)

21.    Plaintiff realleges and incorporates here in full the allegations stated in paragraphs 1 through 20.

22.    On or about August 6, 2015, Plaintiff issued to Defendant an invoice in respect of fees due to Plaintiff under the Agreement in the aggregate amount of $2,460,000.

23.    Despite demand from Plaintiff, Defendant has failed to pay the outstanding balance of $2,460,000 reflected on the invoice.

4

24.     As a result of the foregoing, an account was stated between the parties for the sum of $2,460,000, plus interest at the maximum legal rate from time of breach, legal fees, and costs of suit.

### THIRD CLAIM FOR RELIEF
**(Quantum Meruit -- Reasonable Value of Services**

25.     Plaintiff realleges and incorporates here in full the allegations stated in paragraphs 1 through 24.

26.     Plaintiff performed work, labor and services on behalf of Defendant for which Plaintiff is entitled to be paid the reasonable value of its service.

27.     The services performed have been utilized by Defendant in connection with the Company Transaction and thereby benefited Defendant.

28.     As a result of the foregoing, Plaintiff is entitled to be paid no less than the sum of $2,460,000, plus interest at the maximum legal rate from time of breach, legal fees, and costs of suit.

### FOURTH CLAIM FOR RELIEF
**(Unjust Enrichment)**

29.     Plaintiff realleges and incorporates here in full the allegations stated in paragraphs 1 through 28.

30.     Defendant has been unjustly enriched by the services provided by Plaintiff, resulting in the Company Transaction for the benefit of Defendant, for which Plaintiff has not been compensated.

31.     Plaintiff seeks judgment against Defendant in the aggregate amount of $2,460,000, plus interest at the maximum legal rate from time of breach, legal fees, and costs of suit.

**WHEREFORE**, Plaintiff requests judgment against Defendant on the causes of action set forth herein, as follows:

A)      As to the First Cause of Action, judgment in favor of Plaintiff and against Defendant for breach of contract in the amount of $2,460,000, plus interest at the maximum legal rate from time of breach, legal fees and disbursements, and costs of suit.

B)      As to the Second Cause of Action, judgment in favor of Plaintiff and against Defendant for an account stated in the amount of $2,460,000, plus interest at the maximum legal rate from time of breach, legal fees and disbursements, and costs of suit.

C)      As to the Third Cause of Action, judgment in favor of Plaintiff and against Defendant for quantum meruit based on the reasonable value of services provided in the amount of $2,460,000, plus interest at the maximum legal rate from time of breach, legal fees and disbursements, and costs of suit.

D)      As to the Fourth Cause of Action, judgment in favor of Plaintiff and against Defendant for unjust enrichment based on services provided to Defendant in the amount of $2,460,000, plus interest at the maximum legal rate from time of breach, legal fees and disbursements, and costs of suit.

E)      Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

DATED:    New York, New York
               September 11, 2015
                                    STARR & STARR, PLLC


                                    By:  /s/ Stephen Z. Starr
                                        Stephen Z. Starr
                                        Vildan E. Starr
                                    260 Madison Avenue, 17th Fl.
                                    New York, New York 10016
                                    tel.:   (212) 867-8165
                                    fax.:  (212) 867-8139

                                    Attorneys for Plaintiff