UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRAGONFLY CAPITAL PARTNERS LLC,

Petitioner,

– against –

JOE SCHNAIER, A/K/A JOSEPH SCHNAIER,

Respondent.

**OPINION AND ORDER**

15 Civ. 7190 (ER)

Ramos, D.J.:

Dragonfly Capital Partners LLC ("Dragonfly" or "Plaintiff") initially brought this lawsuit against Joe Schnaier, a/k/a Joseph Schnaier ("Schnaier" or "Defendant") in September 2015, seeking damages for breach of contract, account stated, quantum meruit, and unjust enrichment. *See* Compl. (Doc. 1). On December 14, 2015, the Court stayed all proceedings pending the arbitration of Dragonfly's claims. *See* Doc. 15. Following an arbitration before the American Arbitration Association (the "AAA"), Dragonfly filed the instant motion to confirm its arbitration award pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. *See* Doc. 22. For the reasons stated below, Dragonfly's motion is GRANTED.

I.  **BACKGROUND**[1]

Dragonfly is an investment banking firm that provides "advice and assistance" in the areas of corporate finance, mergers and acquisitions, private capital placements, and other financial transactions. Compl. (Doc. 1) ¶ 6. On November 11, 2013, the parties entered into an

---

[1] The following facts are drawn from the Complaint, Doc. 1, Dragonfly's motion to confirm the arbitral award, Doc. 23, and the supporting evidence submitted by Dragonfly, including the opinion of Arbitrator George Gluck in this matter, *see* Declaration of Stephen Starr ("Starr Decl.") (Doc. 24) Ex. F (the "Arbitration Award").

agreement under which Dragonfly would provide advisory services to Schnaier in connection with the acquisition of Wantickets, LLC ("Wantickets"). *Id.* ¶ 8; Arbitration Award at 2. The agreement provided that Dragonfly would receive a $10,000 per month retainer for a twelve month period before and after the closing of the transaction. Compl. ¶ 9. Under the agreement, Dragonfly was also entitled to additional compensation based on the acquisition price for Wantickets. Arbitration Award at 4 ¶ 3. The Wantickets transaction closed on May 8, 2014, and Dragonfly subsequently sent Schnaier an invoice for its services. *Id.* at 2. Schnaier, however, refused to pay Dragonfly. *Id.*

Dragonfly filed the instant lawsuit on September 11, 2015. *See* Compl., Doc. 1. Because the parties' agreement contained an arbitration clause, the Court issued an order staying the matter pending arbitration on December 14, 2015. *See* Doc. 15.[2] A few days later, on December 18, 2015, Dragonfly filed its demand for arbitration before the AAA. *See* Starr Decl. Ex. A. On February 22, 2016, the AAA informed the parties that it had appointed George Gluck, Esq., as arbitrator for the dispute. *Id.* Ex. B. On July 18, 2016, the Arbitrator held a one day hearing in which both parties were represented by counsel. *Id.* ¶ 11. The Arbitrator issued his award in favor of Dragonfly on September 30, 2016. *Id.* Ex. F. The Arbitrator considered Schnaier's argument that he did not have to compensate Dragonfly for its limited advisory services, but determined that his arguments were "purely speculative" and "misinterpret[ed] the relevant applicable FINRA Rules." *Id.* at 4 ¶ 1. The Arbitrator ordered that:

> A. Joseph Schnaier shall deliver to Dragonfly Capital Partners, LLC, payment by certified check or wire transfer for amounts due under the Letter Agreement . . . totaling $781,871.65.

---

[2] Section 3(c) of the agreement provided that: "Any dispute arising hereunder, if not settled by mutual agreement, shall, at either party's option . . . be settled into final and binding arbitration in New York, New York. The arbitration shall be conducted in accordance with the Commercial Dispute Resolution Procedures and Rules of the American Arbitration Association ('AAA') by a single disinterested arbitrator appointed in accordance with such AAA rules." *See* Starr Decl. Ex. H.

> B. All costs and expenses associated with this arbitration, including the amounts paid by the Parties to the AAA . . . shall be borne by Joseph Schnaier. No later than thirty (30) days from the date of this Final Award, Joseph Schnaier shall deliver to Dragonfly Capital Partners payment by certified check or wire transfer for arbitration costs and expenses aggregating $66,250.00.

*Id.* at 5–6. The Arbitrator further determined that Dragonfly was entitled to interest on its award, calculated at 9% per annum under Section 5004 of the New York Civil Practice Law and Rules (the "CPLR"). *Id.* at 3, 5.

On February 9, 2017, Dragonfly filed a motion to confirm the award. Doc 23. Schnaier was originally required to file any opposition by February 23, 2017. The Court later granted Schnaier, who said he was actively seeking counsel, an extension until March 10, 2017. *See* Doc. 27. In that order, the Court explained that "no further extensions will be granted." *Id.* Schnaier never filed an opposition. On September 8, 2017, Dragonfly requested that the Court consider the motion fully submitted without opposition. *See* Doc. 28. On September 14, 2017, Schnaier, proceeding *pro se*, filed a letter arguing that the Arbitrator's damages calculation was "unorthodox" and "uncalled-for." *See* Doc. 29.[3]

---

[3] Although Schnaier did eventually file a letter setting forth his view of the arbitral award, *see* Doc. 29, the Court considers the motion unopposed. The deadline by which Schnaier was required to respond to Dragonfly's motion was March 10, 2017. *See* Doc. 27. Although *pro se* litigants are entitled to significant leniency, they are still required to abide by Court rules. *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (internal quotations and citations omitted) ("Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them. This is especially true in civil litigation."). Given that Schnaier failed to submit an opposition by the deadline, did not seek an extension, and did not provide any explanation for his decision to flout Court deadlines, the Court treats Dragonfly's motion as unopposed. *See Kalamaras v. Lombardi*, No. 11 Civ. 1262 (JS) (ARL), 2012 WL 6091394, at *1 (E.D.N.Y. Nov. 14, 2012) ("It is especially true that *pro se* litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education.") (citing *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008)), *report and recommendation adopted by* 2012 WL 6094148 (E.D.N.Y. Dec. 7, 2012).

## II. LEGAL STANDARD

### A. Federal Arbitration Act

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984)). The court is required to grant the award unless it is vacated, modified, or corrected. *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," "arbitration awards are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal punctuation and quotation marks omitted) (quoting *Folkways Music Publishers, Inc. v. Weiss,* 989 F.2d 108, 111 (2d Cir. 1993)). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted) (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award—even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal citation and quotation marks omitted).

## B. Summary Judgment Standard

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for The Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) (internal quotation and alterations omitted) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record."). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B.*

5

*Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

## III. DISCUSSION

### A. Confirmation of the Arbitration Award

The Court has conducted a limited review of the arbitration agreement entered into by the parties and the ensuing arbitration award. The arbitration agreement provided that "any dispute arising" under the scope of the agreement would be settled "by a final and binding arbitration" conducted "in accordance with the Commercial Dispute Resolution Procedures and Rules of the [AAA]." *See* Starr Decl. Ex. H. Here, the parties both submitted briefs and exhibits in advance of a one-day arbitration hearing, during which they agreed that they "had the opportunity to present all the evidence that they needed to present in [their] case." *See* Arbitration Award at 3. The Court concluded that Schnaier's arguments were "speculative," but also concluded that the award sought by Dragonfly was too high based on the evidence Dragonfly presented of the Wantickets acquisition value and its relationship to the investors involved in the acquisition. *See id.* at 4–5 ¶¶ 1–6. There is no indication that this decision was made arbitrarily, that it exceeded the Arbitrator's jurisdiction under the agreement, or that it was contrary to law. *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party."). Accordingly, the Court finds that based on the record provided, together with the appropriate

narrow level of review, there is no disputed material issue of fact and the arbitration award should be confirmed. *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced . . . if there is 'a barely colorable justification for the outcome reached.'") (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

Even if the Court were to consider Schnaier's late-raised arguments regarding the computation of damages, the Court would still find confirmation appropriate. Schnaier argues that the Arbitrator erred because he awarded Dragonfly the "cash equivalent" of four percent of the Wanticket Acquisition value. *See* Doc. 29 (citing Arbitration Award at 4 ¶ 4). Schnaier argues that the agreement between the parties provided for compensation in the form of four percent of the shares of Wanticket at the time of closing, rather than the cash equivalent of those shares. *Id.* But courts "are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). "[T]he parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract." *Misco*, 484 U.S. at 38. Because the Court finds that the Arbitrator was acting in the scope of his authority and was "construing or applying the contract," it cannot second-guess his determination that the appropriate award in this case was the cash equivalent of the shares Dragonfly was obligated to receive. *Id.* Dragonfly's motion to confirm the award of $848,121.65 is therefore GRANTED.

### B. Additional Interest, Attorney's Fees, and Costs

Dragonfly also seeks to recover interest on the award for the period between the award's date and the entry of this judgment confirming it, as well as an award of attorney's fees and costs

7

for the instant motion to confirm. *See* Memorandum of Law in Support of Plaintiff's Motion to Confirm (Doc. 23) ¶¶ 29–30.

First, the Court finds that additional interest on the arbitration award is appropriate. New York law provides for prejudgment interest running from the date of the arbitration award until the entry of final judgment. *Finger Lakes Bottling Co., Inc. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292–93 (S.D.N.Y. 2010) (applying a nine percent interest rate based on CPLR § 5004); *see also Global Reinsurance Corp. of Am. v. Argonaut Ins. Co.*, 634 F. Supp. 2d 342, 351 (S.D.N.Y. 2009) ("Because the parties have not articulated any other state's law that should be applied and New York has a substantial interest as the place of contracting and arbitration, this Court will look to New York law regarding pre-judgment interest. Under New York law, interest shall be recovered on an arbitration award. New York law provides for an interest rate of nine percent per annum.") (internal quotations and citations omitted).

Second, the Court agrees that the award of attorney's fees in connection with this motion is merited. "[C]ourts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases). Schnaier did not abide by the arbitration award and failed to timely participate in this action. The Court therefore GRANTS Dragonfly's motion for attorneys' fees and expenses, and sets forth a schedule below to determine the appropriate award.

IV. **CONCLUSION**

For the reasons stated above, Plaintiff's motion is GRANTED. The arbitration award is confirmed and the Clerk of the Court is directed to enter judgment in favor of Dragonfly in the

amount of $848,121.65 against Schnaier, plus interest at the statutory rate of nine percent from September 30, 2016 until the date of today's judgment. Plaintiff is also ordered to submit a supplemental statement on attorney's fees no later than **April 23, 2018** providing evidence regarding reasonable attorney's fees and expenses. Defendant will be given the opportunity to file a brief objecting to the amount of any award by **May 7, 2018**, and Plaintiff's reply will be due **May 14, 2018**. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 22, and to mail a copy of this Order to Defendant.

It is SO ORDERED.

Dated: April 9, 2018
New York, New York

Edgardo Ramos, U.S.D.J.